**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman MATTHEW M.R. BOOTH**
**United States Air Force**

**ACM 38850**

**21 October 2016**

Sentence adjudged 6 April 2015 by GCM convened at Laughlin Air Force Base, Texas.  Military Judge:  Matthew S. Ward (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances for 8 months, and reduction to E-1.

Appellate Counsel for Appellant:  Major Jeffrey A. Davis.

Appellate Counsel for the United States:  Lieutenant Colonel Nurit Anderson and Gerald R. Bruce, Esquire.

Before

DUBRISKE, J. BROWN, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Appellant was convicted by a military judge sitting alone, pursuant to his pleas and a pretrial agreement (PTA), of one specification of violating a lawful order; three specifications of divers wrongful use of controlled substances, including ecstasy, psilocybin ("mushrooms"), and anabolic steroids; and divers wrongful distribution of mushrooms and anabolic steroids.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for 9 months, total forfeiture of all pay and allowance for 9 months, and reduction to E-1.  In accordance with the terms of the PTA, the convening

authority only approved so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances for 8 months, and reduction to E-1.

Appellant alleges that he is entitled to relief for unreasonable post-trial delay. The case was docketed with this court 45 days after action. Appellant asserts this constitutes an unreasonable delay of 15 days in violation of the 30-day action to docketing standard set forth in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We disagree and affirm the findings and sentence.

*Background*

The trial of this general court-martial at Laughlin Air Force Base, Texas, ended on 6 April 2015. The convening authority took action on 9 June 2015. The case was docketed in this court on 24 July 2015, 45 days after convening authority action. The Government submitted an affidavit from the assistant trial counsel to explain the delay. During the 45 days from action to docketing, the base legal office corrected the Court-Martial Order (CMO) as directed by their numbered air force legal office and blocked the record of trial. The processing of the case was also delayed due to an extended federal holiday. Finally, the assistant trial counsel indicated that a manning shortage impacted the ability of the base legal office to block the record of trial in a timely manner.

*Post-Trial Processing*

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). *Moreno* sets forth a standard of 30 days from the date of convening authority action to the docketing of the case with this court. 63 M.J. at 135. If the *Moreno* standard is violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors include "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2013), *rev in part on other grounds*, 74 M.J. 116 (C.A.A.F. 2015). In this case, the 45 days from action to docketing presumptively violates the *Moreno* standard by 15 days.

In analyzing the delay, the length, while not de minimis, is relatively short. With regard to the reason for the delay, the Government cites the correction of the CMO, a federal holiday, and a manning shortage which impacted preparation of the record of trial. While processing of a general court-martial involves multiple levels of coordination often with geographically separated legal offices, it appears more active management of the case

could have resulted in docketing with this court sooner. With respect to a demand for speedy trial, there is no indication in the record that such a demand was ever made. Finally, Appellant has not cited and the record does not indicate any prejudice. Instead, Appellant argues essentially a strict liability approach to the *Moreno* analysis, seeking relief for any delay that exceeds the 30-day post-trial processing standard. As noted in *Moreno*, however, the inquiry does not end with a simple counting of days but incorporates the four-factor analysis. Considering all of the factors, the balance weighs in favor of denying any relief in this case for the 15-day delay.

The court also recognizes its power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224. However, even as Appellant notes in his brief, *Tardif* addresses delays that are "unexplained and unreasonable." *Id.* In this case, the Government has offered an explanation for the post-trial processing delay, and while we are not required to accept every justification presented by the Government, we find the delay in this case was not egregious or unreasonable. In fact, the overall post-trial processing met other *Moreno* standards established for the reasonable handling of court-martial cases.

*Conclusion*

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial right of Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court